UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW DEROCHA,

                                    Plaintiff,


v.                                                                5:26-cv-0697
                                                                  (BKS/CBF)


SYRACUSE POLICE DEPARTMENT,

                                    Defendant.

---

APPEARANCES:

MATTHEW DEROCHA
*Plaintiff, pro se*
6159 Crestview Dr.
North Syracuse, NY 13212

**CARLA B. FREEDMAN**, United States Magistrate Judge

<u>**REPORT-RECOMMENDATION AND ORDER**</u>

## I.    INTRODUCTION

The Clerk has sent to the Court for review pleadings submitted by *pro se* plaintiff

Matthew DeRocha ("Plaintiff").  Dkt. Nos. 1, 7.  Plaintiff also seeks leave to proceed *in forma*

*pauperis* ("IFP").  Dkt. No. 2.

## II.   IFP APPLICATION

Plaintiff has not paid the filing fee for this action and seeks leave to proceed IFP.  Dkt.

No. 2.  Upon review, Plaintiff's IFP application demonstrates economic need.  *See id*.  Therefore,

he is granted permission to proceed IFP.[1]

---

[1] Although his IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

### III.    BACKGROUND

Plaintiff commenced this action by filing a complaint on April 10, 2026, utilizing this District's form civil rights complaint pursuant to 42 U.S.C. § 1983.  *See generally*, Dkt. No. 1.[2] The complaint listed one defendant, "Syracuse police offices for Syracuse police."  *Id*. at 1.  The pleading alleges, in full, "on 8/10/2023 I was arrested for assa[u]lt 2nd poss[ess]ion of a weapon by the Syracuse police the charges are in Syracuse court before Judge Ann Magnarelli unindicted."  *Id*. at 2.[3]  On May 22, 2026, Plaintiff submitted a letter containing the docket numbers of three cases he had commenced, (1) 5:26-CV-00696, (2) 5:26-CV-00697, and (3) 5:26-CV-00699, indicating "the claims submitted are [sic] for corrected as the police individually and involved in arrests of myself from August 2023 - July 2025" and that he planned to "submit police reports and facts cause of action and relief and use the same case files if that's ok."  Dkt. No. 6 at 1 (cleaned up).

Plaintiff filed an amended complaint in this action on June 29, 2026.  *See generally*, Dkt. No. 7.  The amended complaint lists three defendants, (1) "William Colmen ID 0230, police officer of Syracuse," (2) "Omery ID 1375, Syracuse police officer," and (3) "John Reacher, supervisor for Syracuse Police."  *Id*. at 1-2.  The "facts" section reads, in full:

> I Matthew DeRocha was arrested on 8/10/2023 for no reason and illegally charged with assault 2nd and possession of a weapon 3rd involving police misconduct and negligence.
> The Syracuse police arrested me on 8/10/2023 for assault and weapon possession without reason.
> I'm unindicted on the felonies and they were reduced to misdemeanors and still pending in Syracuse city court awaiting trial.

---

[2] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

[3] On April 16, 2026, the matter was reassigned to the Hon. Brenda K. Sannes, Chief United States District Judge, by Text Order for all further proceedings.  Dkt. No. 5.

*Id*. at 2-3 (cleaned up).

The amended complaint lists three causes of action: (1) "false arrest caused by police misconduct, negligence," (2) "malicious[] pros[e]cution," and (3) "false imprisonment caused by police misconduct and or negligence." *Id*. at 4.  With regard to relief, Plaintiff requests "1 million dollars for punitive damages, emotional stress pain and suffering bail 5000 5 thousand cash." *Id*. at 5.

## IV.    LEGAL STANDARD

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted, emphasis in original).  A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

3

Additionally, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure. *See*, *e.g.*, *Cole v. Smrtic*, No. 1:24-CV-00847 (MAD/CFH), 2024 WL 4870495, at *2 (N.D.N.Y. Nov. 21, 2024) (explaining, "special solicitude for *pro se* pleadings has its limits, because *pro se* pleadings still must comply with . . . the Federal Rules of Civil Procedure . . . .") (internal quotations and citation omitted), *report and recommendation adopted*, 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025). To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not

4

required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## V.    ANALYSIS

"The [Second Circuit]'s 'special solicitude' for *pro se* pleadings has its limits, because *pro se* pleadings still must comply with . . . the Federal Rules of Civil Procedure." *Lewis v. New York State Bd. of Elections*, No. 8:24-CV-00849 (GTS/CFH), 2024 WL 4910561, at *4 (N.D.N.Y. Sept. 30, 2024) (additional quotations and citations omitted), *report and recommendation adopted*, 2024 WL 4689022 (N.D.N.Y. Nov. 6, 2024).  A complaint that fails to comply with the Federal Rules' pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims," and may properly be dismissed by the Court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996); *see also*, *e.g.*, *Gosier v. Collins*, No. 6:23-CV-1485 (DNH/TWD), 2024 WL 1016392, at *2 (N.D.N.Y. Mar. 8, 2024), *report and recommendation adopted*, 2024 WL 1307035 (N.D.N.Y. Mar. 27, 2024).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  "The purpose of this Rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotations and citations omitted).

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537,

5

573 (S.D.N.Y.) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)).  To state a valid claim under § 1983, a plaintiff must allege the challenged conduct: (1) was attributable to a person acting under color of state law; and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Here, Plaintiff's amended complaint fails to provide the Defendants with fair notice of the claims asserted and fails to state a valid claim under § 1983.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("To establish liability under the statute, a plaintiff must plead that each government official defendant violated the Constitution through that official's own individual actions.").  Plaintiff's amended complaint entirely fails to specify how *the Defendants* harmed him.  *See generally*, Dkt. No. 7.  Indeed, none of the three named Defendants are mentioned in Plaintiff's recitation of facts.  *See id*. at 2-3; *see also*, *e.g.*, *LaPietra v. City of Albany Police Dep't*, No. 9:19-CV-1527 (TJM/TWD), 2020 WL 5891888, at *9 (N.D.N.Y. Oct. 5, 2020) (explaining, "[t]he use of the terms 'they,' or 'the police' or 'officer' as a name for alleged defendants is not adequate to state a claim against a 'person' as required in § 1983 actions.") (citation omitted), *report and recommendation adopted*, 2020 WL 7021589 (N.D.N.Y. Nov. 30, 2020).[4]  Additionally, neither the complaint nor the amended complaint specify *where* the alleged wrongdoing occurred.

---

[4] Additionally, the undersigned notes Plaintiff's claims may be barred by *Heck v. Humphrey*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding, "in order to recover damages for

As such, Plaintiff's pleadings should be dismissed for failure to state a claim. *See, e.g., Rummler v. Jefferson Cnty. Emergency Med. Serv.*, No. 5:25-CV-1062 (BKS/TWD), 2025 WL 3144207, at *3 (N.D.N.Y. Oct. 15, 2025) (recommending dismissal of complaint wherein plaintiff alleged "he was subjected to wrongdoing" but "the complaint lack[ed] any explanation as to how *the Defendant* harmed him" as "the sole Defendant [wa]s not mentioned in Plaintiff's recitation of the facts.") (emphasis in original, additional quotations and citations omitted), *report and recommendation adopted*, No. 5:25-CV-1062 (BKS/TWD), 2025 WL 3142416 (N.D.N.Y. Nov. 10, 2025). However, in deference to Plaintiff's *pro se* status, the undersigned recommends the action be dismissed without prejudice to allow Plaintiff the opportunity to cure these defects.

The Court advises Plaintiff that should he be permitted to amend his complaint, any amended pleading he submits to this Court must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended pleading should specifically identify the legal theory or theories that form the basis for his claim. Plaintiff is cautioned that no portion of his

---

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). "Courts have held that a plaintiff 'cannot pursue a civil rights claim based on false arrest and malicious prosecution while criminal charges are still pending against him in State Court.'" *Mitchell v. Kindlon*, No. 9:25-CV-0602 (MAD/TWD), 2025 WL 1951849, at *5 (N.D.N.Y. July 16, 2025) (quoting *Singleton v. State of N.Y.*, 1998 WL 438530, at *2 (S.D.N.Y. July 31, 1998)), *reconsideration denied sub nom.*, *Mitchell v. Blain-Lewis*, 2025 WL 3136383 (N.D.N.Y. Nov. 10, 2025); *see also, e.g.*, *Hardie v. City of Albany*, No. 1:18-CV-0470 (GLS/CFH), 2018 WL 4026736, at *5 (N.D.N.Y. Aug. 22, 2018) ("If there are charges that are pending or if plaintiff pleaded guilty to the charges/has been convicted of the charges, the potential claims for false arrest and false imprisonment may be barred by *Heck v. Humphrey*."), *report and recommendation adopted*, 2018 WL 4288614 (N.D.N.Y. Sept. 7, 2018).

prior complaints shall be incorporated into any amended pleading by reference.  Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the Defendant and must demonstrate that a case or controversy exists between the Plaintiff and the Defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. Of course, Plaintiff may also pursue his claims in state court if appropriate.

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) and amended complaint (Dkt. No. 7) be **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order.[5]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)

---

[5] All of the unpublished decisions cited herein have been provided to Plaintiff with the Report-Recommendation and Order issued in *DeRocha v. Syracuse Police Department et al*, No. 5:26-CV-00696 (BKS-CBF), in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).  Thus, another copy of the same cases will not be provided.

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**


Dated: July 17, 2026
      Syracuse, New York

Carla B. Freedman
U.S. Magistrate Judge